UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAR - 8 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

JERRY BRIM, MIKE PRINCE,  *
and MIKE TUTTLE,          *
                          *
        Plaintiffs,       *
                          *
v.                        *   CIVIL NO. MO-05-CA-18-XR
                          *
EXXONMOBIL PIPELINE CO.,  *
                          *
        Defendant.        *

## MEMORANDUM AND RECOMMENDATION

Before the Court is defendant's motion for summary judgment on plaintiffs' claims under the Employee Retirement Income Security Act (ERISA), the Age Discrimination in Employment Act (ADEA), the Sherman and Clayton Act, and state law. (Docket nos. 25,29). In their response, plaintiffs concede that the facts do not support their claims under the ADEA and the Sherman and Clayton Act. (Docket no. 26). While they oppose dismissal of the ERISA claim, they request that, if the claim is dismissed, that their state law claims be dismissed without prejudice. (Docket no. 27). Upon consideration of the pleadings and evidence presented, the Court concludes defendant's motion for summary judgment on the ERISA, ADEA and Sherman and Clayton Act causes of action should be **GRANTED**; defendant's motion for summary judgment on the state law causes of action should be **DENIED**; and plaintiffs' motion to dismiss their state law causes of action should be **GRANTED**.

## Factual Background

The undisputed facts show plaintiffs are former employees of defendant ExxonMobil Pipeline Co. (hereinafter referred to as ExxonMobil). During their employment, plaintiffs worked on the West Texas Pipeline System. In November 2003, ExxonMobil informed its employees it had negotiated a sale of the crude oil portion of the pipeline system to Occidental Petroleum Company (Oxy). Excluded from this sale was the natural gas liquids (NGL) and CO2 portions of the pipeline system and the employees who supported those systems. Under the Purchase and Sale agreement, the employees who supported the crude oil operation would be interviewed by Oxy and considered for employment upon the close of the sale. Also, ExxonMobil included a list of the employees who supported the crude oil portion of the pipeline system. None of the plaintiffs was included on this list, and all maintained their employment with ExxonMobil upon the sale. ExxonMobil offered severance benefits to any employee not selected by Oxy if it was unable to place them in another permanent position.

In January 2004, ExxonMobil negotiated a sale of the NGL pipeline assets to Louis Dreyfus Energy Services (LDES). All plaintiffs were employees of ExxonMobil in its NGL operations. As part of this sale, severance benefits were only to be offered to non-union employees who did not receive a job offer from LDES. All plaintiffs were offered a position with LDES, were terminated from

ExxonMobil, and maintained equivalent positions at equivalent pay upon the sale on April 2, 2004.

Plaintiffs filed this action against ExxonMobil alleging it committed age discrimination by failing to offer them a severance package upon their separation when such an option was offered to a similarly situated employee, Jo Ann Yocum, and also contending that ExxonMobil's failure to offer severance benefits had a disparate impact on individuals over the age of 40. Plaintiffs further allege ExxonMobil's failure to offer them severance benefits constituted a violation of the Clayton and Sherman Acts and violation of ERISA, Section 510. Plaintiffs also asserted various state law causes of action based upon ExxonMobil's failure to offer them severance benefits: tortious interference with prospective business relationship, blacklisting, and conspiracy.

Defendants move for summary judgment on all asserted claims. Plaintiffs respond with the concession that there is no merit to their age discrimination claims or their claims under the Sherman and Clayton Acts. Upon the event this Court should grant summary judgment on plaintiffs' remaining ERISA cause of action, plaintiffs assert a voluntary motion to dismiss the state law claims so they may pursue them in state court. Accordingly, the only remaining federal cause of action for this Court to review with regard to ExxonMobil's motion for summary judgment is the ERISA claim.

## Standard of Review

Federal Rule of Civil Procedure 56(b) provides that a defending party may move, with or without supporting evidence, for a summary judgment in the party's favor. Summary judgment shall be rendered if the pleadings and evidence show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56©). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing a motion must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). A defendant who moves for summary judgment on the plaintiff's claim may satisfy its burden in two ways: (1) submit evidence that negates the existence of a material element of the plaintiff's claim; or (2) show there is not evidence to support an essential element of the plaintiff's claim. *Celotex Corp.*, 477 U.S. at 325. An adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing there is a genuine issue for trial; if he does not so respond, summary judgment, if appropriate, shall be entered against him. FED. R. CIV. P. 56(e).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. **Anderson**, 477 U.S. at 247-248. The dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. All of the evidence and inferences drawn from that evidence must be viewed in the light most favorable to the party opposing the motion for summary judgment. **Hibernia Nat'l Bank v. Carner**, 997 F.2d 94, 97 (5th Cir. 1993).

## DISCUSSION

### I. ERISA Cause of Action

In their Complaint and response to the motion for summary judgment, plaintiffs ambiguously assert ExxonMobil violated Section 510 of ERISA, 29 U.S.C. § 1140; however, the basis for plaintiffs' cause of action is unclear. Based upon these ambiguous assertions, the Court must surmise plaintiffs assert ExxonMobil deprived them of severance benefits to which they were entitled by failing to allow them to apply for positions at Oxy and by offering severance benefits to another similarly situated employee, Jo Ann Yocum. Plaintiffs do not allege ExxonMobil's actions resulted from discriminatory animus based upon their age, but allege its actions were based upon its intent to deprive them of collection of severance benefits.

Section 510 of ERISA provides:

[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140. To avoid summary judgment, plaintiffs must first establish a genuine issue of material fact exists regarding any element of their prima facie case. *See Celotex Corp.*, 477 U.S. at 325. To establish a prima facie case for violation of Section 510, a plaintiff must show: (1) the employer committed a prohibited adverse action (2) for the purpose of interfering with the attainment of (3) any right to which the employee is entitled. *Bodine v. Employer's Casualty Co.*, 352 F.3d 245, 250 (5th Cir. 2003). Because employers are at liberty to create, modify, and terminate the terms and conditions of employee benefit plans at will, "[a]n integral part of this prima facie case is that the employee show that the employer had a specific intent to interfere with the attainment of pension eligibility." *McGann v. H&H Music Co.*, 946 F.2d 401, 407-408 (5th Cir. 1991); *Van Zandt v. Todd Shipyards Corp.*, 847 F.Supp. 69, 72 (S.D.Tx. 1994).

Under these facts and the evidence presented, plaintiffs cannot establish a genuine issue of material fact on any element of their prima facie case with regard to the Oxy and LDES sales. First, with regard to the Oxy sale, plaintiffs were retained by ExxonMobil, and therefore, plaintiffs cannot show ExxonMobil

committed an adverse action or that they were deprived of any right to which they were entitled. The Fifth Circuit Court of Appeals has specifically held that the actions proscribed by Section 510 "'do not extend *per se* to an employer who retains an employee so as to avoid payment of severance benefits under an ERISA plan.'" **Bodine**, 352 F.2d at 250-251 (*quoting* **Perdue v. Burger King Corp.**, 7 F.3d 1251, 1255 (5th Cir. 1993)). A plaintiff must additionally show the employer committed some unscrupulous conduct or intentional act to prevent attainment of benefits to the employee is entitled. **Bodine**, 352 F.2d at 250-251; **see also McGann**, 946 F.2d at 407-408. Therefore, even if ExxonMobil retained plaintiffs to avoid any potential attenuated payment of severance benefits, this action alone is not sufficient to support a Section 510 cause of action; plaintiffs must show ExxonMobil committed an unscrupulous, intentional act proscribed by Section 510. ExxonMobil's action of retaining plaintiffs was not proscribed by Section 510, nor have plaintiffs asserted any summary judgment evidence that would raise a genuine issue of material fact whether its action was unscrupulous.

Further, plaintiffs' ERISA claim must fail because ExxonMobil had discretion to create the terms of eligibility for the severance benefits, and, under the conditions for receipt of severance benefits prescribed in the Oxy and LDES sales, plaintiffs were not ever entitled to receive such benefits. **See McGann**, 946 F.2d at 408. Thus, plaintiffs neither held nor would have become entitled

to any benefit or right to even implicate application of the proscriptions of Section 510. The third prima facie requirement that an employee be entitled to any benefit or right "is only satisfied if the employer has promised the employee a benefit that is eventually denied." *Bodine*, 352 F.3d at 251. Because plaintiffs neither allege nor provide proof that ExxonMobil ever took action which constituted a promise they would positively receive severance benefits upon either the Oxy sale of the LDES sale and then revoked this promise, they have failed to even state a claim for violation of Section 510.

Therefore, plaintiffs' causes of action for violation of Section 510 of ERISA based upon ExxonMobil's failure to allow them to apply for a position at Oxy, retention of them during the Oxy sale, and termination of their employment without severance benefits upon the LDES sale must fail because these actions do not support a Section 510 claim. Consequently, ExxonMobil's motion for summary judgment on plaintiffs' ERISA claim based upon these actions should be **GRANTED**.

Finally, plaintiffs' allegation that ExxonMobil violated Section 510 by failing to offer them the same severance benefits offered to another employee must also fail under these same, well established principles. It appears plaintiffs also point to this disparate treatment as evidence of ExxonMobil's specific intent to interfere with their attainment of severance benefits. However, both allegations fail to support a Section 510 cause of action.

An employer is free to establish parameters for entitlement to a benefits plan that result in an identifiable group of employees being treated differently. *See McGann*, 946 F.2d at 406; *Van Zandt*, 847 F.Supp. at 72. Therefore, it is not enough for a plaintiff to simply show he was treated differently from other employees to establish a cause of action under Section 510. Accordingly, plaintiffs cannot simply rely on the allegation that once ExxonMobil offered a similarly situated employee severance benefits, it was required to make the same offer to all employees. This allegation does not raise a Section 510 claim.

Further, as discussed previously, to sustain a Section 510 cause of action, a plaintiff must show the employer committed some "unscrupulous conduct or intentional act" to prevent attainment of benefits to which the employee is entitled. *McGann*, 946 F.2d at 406; *Van Zandt*, 847 F.Supp. at 72. The only act of ExxonMobil plaintiffs discuss is the disparate treatment of Jo Ann Yocum, a similarly situated employee. However, this disparate treatment does not amount to "unscrupulous conduct", nor does it show plaintiffs were entitled to receive severance benefits as part of either sale. In response to this allegation, ExxonMobil offers evidence Jo Ann Yocum was on the list of eligible employees to be hired by Oxy in connection with that sale. **Defendant's reply, Docket no. 29, Exh. 1, pp. 90:17-93:20.** Jo Ann Yocum was not hired by Oxy, and ExxonMobil had no available permanent positions to offer her. *Id.* at pp. 90:17-95:8; **Exh. 2, p. 14:15-15:13.**

Therefore, as promised under the prescribed severance benefits parameters under that sale, Jo Ann Yocum was eligible for severance benefits. *Id.;* **see also Exh. 2, p. 66:3-8.** However, ExxonMobil retained Jo Ann Yocum for a short period "to aid in the NGL sale." *Id.* Although Jo Ann Yocum was offered a position with LDES in connection with the NGL sale, the position was at a lower salary than what she received with ExxonMobil. *Id.* **at Exh. 2, p. 66:3-8.** Jo Ann Yocum elected to retire instead, and then received the severance to which she was entitled as part of the Oxy sale. *Id.*

This evidence shows Jo Ann Yocum did not receive preferential treatment, was not a similarly situated employee, and ExxonMobil followed the parameters for entitlement to severance benefits as part of the Oxy sale in granting her severance benefits. Thus, plaintiffs have failed to raise a genuine issue of material fact whether ExxonMobil's action of offering severance benefits to Jo Ann Yocum shows it unscrupulously prevented plaintiffs from securing the same benefits to which they were entitled. Consequently, ExxonMobil's motion for summary judgment on plaintiffs' ERISA claim based upon this action should be **GRANTED**.

## II. State-law Causes of Action

ExxonMobil moves for summary judgment on all of plaintiffs' state law causes of action. In the event this Court elects to grant ExxonMobil's motion for summary judgment on the ERISA cause of action, plaintiffs move to dismiss the pendent state claims. In an action of which the district courts have original jurisdiction,

Section 1367(a) permits a federal court to exercise supplemental jurisdiction over all other claims so related to the original claim as be part of the same case or controversy. However, because supplemental jurisdiction is discretionary, a district court can decline to exercise supplemental jurisdiction if

> (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

**28 U.S.C. § 1367(c).** In addition to the statutory provisions, when deciding whether to exercise supplemental jurisdiction over pendent state law claims, a federal court should consider and weigh the values of judicial economy, convenience, fairness, and comity. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). When all federal actions to which the state claims are pendent have been dismissed, "[o]ur general rule is to dismiss state claims". *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

This Court finds, after weighing the factors under the specific circumstances of this case, there is no justification to depart from the usual rule of dismissal of state law claims. First, this Court's recommendation of dismissal of plaintiffs' only federal cause of action weighs heavy in favor of dismissal of the state law causes of action. *See Parker & Parsley Petroleum Co.*, 972 F.2d at 585. Judicial economy also weighs in favor of declining supplemental jurisdiction. This case was filed approximately one year ago; however, this Court extended the Scheduling Order deadlines approximately 12 weeks to accommodate plaintiffs' counsel's maternity leave. The case is approximately three months from trial. The parties have completed discovery without the need for this Court to engage in the resolution of any discovery disputes. While it is true some substantial development has occurred in this case, given the completion of discovery, the proceeding is still at a "relatively early stage". *See Parker & Parsley Petroleum Co.*, 972 F.2d at 587. Also, the parties may still utilize the discovery already completed in a state action. *See id.* at 588. At this stage of the litigation, and given this Court's little involvement in its progression, judicial economy is better served by dismissal.

Next, the convenience and fairness components would be better served by dismissal of this federal action. Plaintiffs originally filed this action in federal court in the Western District of Texas-Midland Division. The case was subsequently *sua sponte*

transferred to the San Antonio Division.  All plaintiff and many witnesses reside in the Midland area, and a substantial portion of the facts and events giving rise to this litigation occurred in Midland.  Dismissal of this action would allow plaintiffs to refile the case in state court in Midland.  Thus, substantial time and expense would be saved.  There should be little additional expense incurred in the re-litigation of this matter in another forum because, as already stated, the discovery may be used in a state litigation and need not be duplicated.  There should be no undue hardship placed upon ExxonMobil by litigation in a state court in Midland.

Finally, dismissal would serve the interests of federalism and comity.  In their motion for summary judgment, ExxonMobil moves this Court to dismiss plaintiffs' state causes of action.  After review of the parties' discussion of the substantive matters in this motion, it appears the state claims do not present any novel or complex issues.  Thus, this statutory consideration weighs in favor of retaining jurisdiction.  However, the finality of dismissal of these state law claims before trial tips the scale in favor of allowing a state court to make these determinations.  Any action by a state court would not require it to duplicate any legal analysis performed by this court.

Consideration of the factors in Section 1367(c), and the elements of judicial economy, convenience, fairness, and comity, leads this Court to conclude that dismissal of plaintiffs' state

law claims against ExxonMobil is appropriate. Therefore, this Court finds plaintiffs' motion to dismiss the state law cause of action should be **GRANTED**. Accordingly, ExxonMobil's motion for summary judgment on the state law claims should be **DENIED**.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that ExxonMobil's motion for summary judgment on the ERISA, ADEA and Sherman and Clayton Act causes of action be **GRANTED**; ExxonMobil's motion for summary judgment on the state law causes of action be **DENIED**; and plaintiffs' motion to dismiss their state law causes of action be **GRANTED**.

### Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either (1) by certified mail, return receipt requested, or (2) by facsimile if authorization to do so is on file with the Clerk. Pursuant to Title 28 U.S.C. Section 636(b)(1) and Rule 72(b), Fed.R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the district court. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider

frivolous, conclusive or general objections. *Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.* A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1413, 1428 (5th Cir. 1996).

SIGNED this 8th day of March 2006.

JOHN W. PRIMOMO
United States Magistrate Judge