```
                    UNITED STATES DISTRICT COURT                  FILED
                    WESTERN DISTRICT OF TEXAS
                        SAN ANTONIO DIVISION                    APR - 5 2006

                                                          CLERK, U.S. DISTRICT COURT
                                                          WESTERN DISTRICT OF TEXAS
```

JERRY BRIM, MIKE PRINCE, and  )
MIKE TUTTLE,                  )
                              )
    Plaintiffs,              )
                              )
VS.                           )   Civil Action No: MO-05-CV-018-XR
                              )
EXXON MOBILE PIPELINE CO.,    )
                              )
    Defendant.               )

## ORDER

On this date, the Court considered the following: Defendant's motion for summary judgment (docket no. 25), Plaintiffs' Response thereto, the Magistrate Judge's Memorandum and Recommendation (docket no. 32), Defendant's objections to that Memorandum, and Plaintiffs' motion to Dismiss (docket no. 27).

### Background

Plaintiffs filed their Original Complaint on February 3, 2005 alleging that they were discriminated against because of their age when they were denied severance packages in violation of the Age Discrimination in Employment Act (ADEA). In addition, they complain that Defendant violated section 510 of ERISA by interfering with their entitlement to a severance package and depriving them of retirement benefits. Further, Plaintiffs bring the following claims: (1) Defendant engaged in illegal restraint of trade in violation of 15 U.S.C. §§ 7 and 15 (Sherman act and Clayton act); (2) tortious interference with prospective business relationship; (3) conspiracy; (4) "blacklisting" under Texas Labor Code § 52.031; and (5) negligence per se.

On December 21, 2005, Defendant filed its motion for summary judgment. The motion was referred to the Magistrate Judge for a recommendation. In his Memorandum and Recommendation,



the Magistrate Judge noted that Plaintiffs concede that the facts did not support their claims under the ADEA, the Sherman or Clayton act. The Magistrate Judge recommended that Defendant's motion for summary judgment be granted as to the ERISA, Sherman and Clayton act causes of action. The Magistrate Judge recommended that Defendant's motion for summary judgment be denied as to Plaintiffs' state law causes of action. Finally, the Magistrate Judge recommended that the Plaintiffs' motion to dismiss their state law causes of action be granted.

Defendant has now filed an objection to the Magistrate Judge's Memorandum arguing that this Court should reject the recommendation to dismiss Plaintiffs' state law claims without prejudice and instead should grant its motion for summary judgment as to these state law claims.

### Standard of Review

When a party objects to a Magistrate Judge's Report and Recommendation, the District Court conducts a de novo review. 28 U.S.C. §636(b)(1).

### Analysis

Relying upon *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F. 2d 580, 585 (5th Cir. 1992)("when all federal actions to which the state claims are pendent have been dismissed, our general rule is to dismiss state claims"), the Magistrate Judge after weighing the values of judicial economy, convenience, fairness and comity, concluded that the Plaintiffs' state law claims should be dismissed without prejudice. As a result, the Magistrate Judge did not evaluate the state law claims for either their legal or factual merit.

In this case the Plaintiffs were formerly employed by Exxon. They allege that they were notified on November 13, 2003 that Defendant's crude oil assets were to be sold to Occidental Petroleum Corporation. They further allege that representations were made that in order to obtain severance benefits from Exxon, an employee would be required to apply and be rejected by

2

Occidental. Further, they claim that an employee transferred to another position with Exxon would not be eligible for the severance package. In addition, Plaintiffs allege that pursuant to the terms of the Purchase and Sale Agreement ("PSA"), Exxon was required to provide Occidental with a listing of all its employees who were directly engaged in the crude oil assets. Plaintiffs complain that their names were omitted from that list. Plaintiffs also allege that pursuant to the PSA, Occidental was prohibited from interviewing employees whose names were not included on the listing.

The elements of a claim for tortious interference with prospective contract are: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an "independently tortious or unlawful" act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring, or it knew that the interference was certain or substantially certain to occur as a result of the defendant's conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference. *Johnson v. Baylor Univ.*, --- S.W.3d ----, 2006 WL 348721 (Tex. App. - Waco 2006, no pet. h.). "Independently tortious" means conduct that would violate some other recognized tort duty. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001).

Defendant argues that Plaintiffs cannot establish that Defendant committed an independently tortious or unlawful act. Exxon argues that, as a matter of law, withholding Plaintiffs' names from the eligible interview list cannot constitute an independent tortious act. In addition, Exxon argues that Plaintiffs did not suffer any damages as a result of any alleged interference. Defendant argues that Plaintiffs remained employed after the Occidental transaction was consummated, and that Plaintiffs were discharged from their employment on April 2, 2004, when the Natural Gas Liquids operations were sold to Louis Dreyfus (LDES).

A person commits an offense under Texas Labor Code section 52.031 if the person:

(1) blacklists or causes to be blacklisted an employee; or (2) conspires or contrives by correspondence or any other manner to prevent an employee discharged by a corporation, company, or individual from procuring employment.

Defendant argues that section 52.031 does not provide for a private cause of action, but nevertheless concedes that no Texas court has decided that issue. Alternatively, Defendant argues that Plaintiff cannot establish a violation because the statute applies only to discharged employees. Again, no Texas court has decided that issue. *But see Butts v. Oce-USA, Inc.*, 9 F. Supp.2d 1007, 1008 (S.D. Ind. 1998)("the plain language of both the Texas and Indiana blacklisting statutes provide that the employee's discharge is a prerequisite to a violation of the statute").

Although this Court agrees that it is unlikely that Plaintiffs' conspiracy and negligence claims will survive, Plaintiffs' tortious interference and blacklisting claims raise issues that have not been definitely addressed by the Texas courts.[1] Accordingly, the Court agrees with the Magistrate Judge that the principles of comity and federalism dictate that dismissal without prejudice is warranted. In addition, trial is not scheduled until June and discovery disputes still remain. Dismissal would not cause undue inconvenience to the litigants. Defendant does complain in its Objections to the Magistrate Judge's Memorandum that allowing Plaintiffs to re-file in state court will result in additional discovery expenses, increased costs and time burdens. This Court does not find that objection convincing. Little new legal research would be necessary. Inasmuch as Defendant is

---

[1] As a result this case is distinguishable from *Batiste v. Island Records Inc.*, 179 F.3d 217 (5th Cir. 1999)("The absence of any difficult state-law questions thus weighs heavily toward our conclusion that the district court abused its discretion in refusing to retain jurisdiction over the remaining claims.") and *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001)("Since the instant state claims present no novel issues of state law and are easily dispatched, we find that the district court did not abuse its discretion in deciding the claims on the merits and thus, in the interest of judicial economy, we will decide them rather than dismissing them to be pursued in state court.").

arguing that summary judgment is proper as a matter of law, it can merely file its motion for summary judgment along with its answer in state court. Further, the trial preparation and discovery conducted to date may be used in the state proceeding. Finally, while in some cases the likelihood that the state court could not resolve the dispute promptly might be a factor weighing against dismissal, the record reflects no such factor here.

## Conclusion

The Court accepts the Magistrate Judge's Memorandum and Recommendation. Defendant's motion for summary judgment as to Plaintiffs' federal statutory claims is GRANTED; however, Defendant's motion for summary judgment as to Plaintiffs' state law claims is DENIED. Docket no. 25. Plaintiffs' motion to dismiss their state law claims without prejudice is GRANTED. Docket no. 27. Defendant's motion for protective order is DISMISSED as moot. Docket no. 30. Plaintiff's motion to compel is DISMISSED as moot. Docket no. 35.

SIGNED this 3rd day of April, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE